[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-13191

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 5, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-21515-CV-MGC

JEFFREY GOLDSTEIN,

Plaintiff-Appellant,

versus

CENTOCOR, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 5, 2009)

Before TJOFLAT, BLACK and COX, Circuit Judges.

PER CURIAM:

Plaintiff-appellant Jeffrey Goldstein contends that the prescription medication Remicade caused his pulmonary fibrosis, requiring a bilateral lung replacement. Goldstein appeals the magistrate judge's exclusion of Dr. Douglas Pohl's expert testimony on general causation, pursuant to Fed. R. Evid. 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). We review a trial court's Daubert rulings under an abuse of discretion standard; we must affirm such rulings unless the district court has made a "clear error of judgment" or applied an incorrect legal standard. McClain v. Metabolife Intern'l, Inc., 401 F.3d 1233, 1238 (11th Cir. 2005). Goldstein does not argue that the trial court applied an incorrect legal standard; instead, he alleges that the trial court clearly erred in finding that Dr. Pohl's opinion with respect to general causation was not adequately supported by scientific studies and literature. After review of the record and the parties' briefs and with the benefit of oral argument, we affirm.

Dr. Pohl did not rely on any epidemiological studies that connect Remicade with pulmonary fibrosis. This is not fatal, but makes his task to show general causation more difficult. See Rider v. Sandoz Pharmaceuticals Corp., 295 F.3d 1194, 1198 (11th Cir. 2002).

Instead, Dr. Pohl reviewed four sources to make his general causation assessment. The first category, plaintiff's lung and bowel pathology reports, is not relevant to general causation because it focuses on the plaintiff. See McClain, 401 F.3d at 1239 ("General causation is concerned with whether an agent increases the incidence of disease in a group and not whether the agent caused any given individual's disease."). The second category, MedWatch case reports submitted by doctors who observed possible reactions to Remicade but made without medical controls or scientific assessment, "may support other proof of causation, [but] alone ordinarily cannot prove causation." Id. at 1199.[1] The third category, a review of medical textbooks, revealed no information. The fourth category, a review of abstracts of four articles linking Remicade with pulmonary fibrosis, is relevant to general causation but provides limited information.

"A court may conclude that there is simply too great an analytical gap between the data and the opinion proferred." General Elec. Co. v. Joiner, 522 U.S.

---

[1] Goldstein argues that the MedWatch reports were improperly excluded as hearsay. We agree with the magistrate judge that these documents are hearsay and do not fall within any of the exceptions to the hearsay rule. See Fed. R. Evid. 803. Moreover, we conclude the magistrate judge did not abuse his discretion in finding that the prejudicial effect of these reports outweighs their probative value.

136, 146, 118 S. Ct. 512, 519, 139 L. Ed. 2d 508 (1997) (citation omitted).  The

district court did so here, and we find no abuse of discretion in its determination.[2]

AFFIRMED.

---

[2] The court denied Goldstein's motion for continuance after the court excluded Dr. Pohl's testimony and granted summary judgment dismissing the complaint because Goldstein had no further expert evidence regarding causation.  We find no error in either of these actions.